UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **DAWN BASS,** | ) |
|     **Plaintiff,** | ) ) |
|     v. | ) ) Case No. 4:23-cv-00001-SLC |
| **COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,** | ) ) ) |
|     **Defendant.** | ) ) |

## OPINION AND ORDER

Plaintiff Dawn Bass brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (*See* ECF 1). On September 20, 2023, pursuant to the parties' agreed motion to remand (ECF 24), the Court entered an Order reversing the Defendant's decision denying Plaintiff disability benefits and remanding the case to the Social Security Administration for further proceedings (ECF 25). On October 30, 2023, the Court granted the parties' stipulation to an award of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2812, in the amount of $8,500.

Bass's attorney, Kira Treyvus ("Counsel"), now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $ $16,763. (*See* ECF 29). The Commissioner does not oppose Counsel's fee request. (*See id*. ¶ 7; ECF 29-1). For the following reasons, the motion for attorney fees will be GRANTED, less an offset of $8,500 for attorney fees previously collected under the EAJA, resulting in a net payment of $8,263 for Counsel's representation of Bass in federal court.

*A. Factual and Procedural Background*

On November 1, 2022, Counsel entered into a fee agreement with Bass for her law firm's representation of Bass in federal court, in which Bass agreed to pay Counsel 25 percent of any past-due benefits awarded to her. (*See* ECF 29-2 at 9-10).[1] On January 3, 2023, Bass, via Counsel, filed the instant action in this Court, appealing the Commissioner's denial of her application for disability benefits. (*See* ECF 1). As stated earlier, pursuant to the parties' agreed motion to remand (ECF 24), the Court entered a judgment in Bass's favor and remanded the case on September 20, 2023. (*See* ECF 25, 26). On June 14, 2023, the Commissioner filed a stipulation by the parties to an EAJA fee award of $8,500 in attorney fees and $402 in costs. (*See* ECF 27). The Court subsequently granted the stipulation and awarded Bass $8,500 in EAJA fees and $402 in costs. (*See* ECF 28).

In November 2024, the Commissioner sent Bass a notice of award, informing that she was found disabled as of October 2, 2019, and entitled to monthly disability benefits beginning April 2020. (*See* ECF 29-2 at 1-3). The notice indicated that Bass was awarded $67,052.70 in past-due benefits and that the Commissioner withheld 25 percent of that, $16,763, to pay Bass's attorneys. (*See* ECF 29-2 at 3-4).

On March 10, 2025, Counsel filed the instant unopposed motion, together with supporting documents, seeking the Court's approval of a § 406(b) award in the amount of $16,763, less an offset of $8,500 in EAJA fees previously awarded, resulting in a net payment of $8,263 from Bass's withheld past-due benefits for Counsel's representation before this Court. (*See* ECF 29).

---

[1] The most common fee arrangement between attorneys and Social Security claimants is the contingent fee agreement. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

### *B. Legal Standard*

Fees for representing Social Security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *See Gisbrecht*, 535 U.S. at 793-94. Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court. *See id.*; *see also Arnold v. O'Malley*, 106 F.4th 595, 599 (7th Cir. 2024). Unlike fees obtained under the EAJA, the fees awarded under § 406 are charged against the claimant, not the government. *See Gisbrecht*, 535 U.S. at 796.[1]

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for the attorney's representation at the administrative level. *See id.* at 794-95; *see also* 20 C.F.R. § 404.1725(a).[2] Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795.[3] This 25 percent cap applies only to fees for court representation and not to the aggregate fees awarded under §§ 406(a) and (b). *See Culbertson v. Berryhill*, 586 U.S. 53, 62 (2019). "[A] petition for fees under § 406(b)(1) must be brought within a reasonable time." *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987).

---

[1] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when the government's position was not "substantially justified . . . ." 28 U.S.C. § 2412(d)(1)(A).

[2] There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *See Gisbrecht*, 535 U.S. at 795.

[3] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Id.* at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

Section § 406(b) has been harmonized with the EAJA. *See Gisbrecht*, 535 U.S. at 796. Although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee that the attorney received, as an EAJA award "offsets" an award under § 406(b). *Id.*

Unlike the award by the Commissioner under § 406(a), the Court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *See id.* at 808-09. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.
>
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.

*Id.* at 807-08 (citations and footnotes omitted); *see Arnold*, 106 F.4th at 601 ("[A] district court must begin with the contingency award as its polestar and consider whether that amount should be reduced because it is unwarranted based on relevant factors, such as the claimant's satisfaction with their attorney's representation, the attorney's expertise and efforts expended, whether the attorney engaged in any undue delay or overreaching, the uncertainty of recovery and risks of an adverse outcome, and how the effective hourly rate compares to others in the field and jurisdiction." (citations omitted)).

### C. Analysis

Here, the Court must decide whether Counsel's requested fee (prior to an offset of the EAJA award) of $16,763 under the fee agreement and § 406(b) is "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . ."

4

42 U.S.C. § 406(b)(1)(A); *see Janet H. v. Saul*, No. 1:19-cv-00939-DLP-JRS, 2020 WL 6946471, at *2 (S.D. Ind. Nov. 25, 2020) ("*Gisbrecht* and its ensuing cases advise that courts should start the analysis with the Plaintiff and counsel's contingency fee agreement."). The notice of benefits indicates that the Commissioner withheld $16,763 as 25 percent of Bass's past-due benefits. (*See* ECF 29-2 at 3). Counsel requests the entirety of the amount withheld, and as such, the fee amount does not exceed 25 percent of Bass's total past-due benefits.

Counsel contends that the requested fee award of $16,763 is "reasonable[,]" citing to Supreme Court case law, and tacitly indicating Bass received "excellent results." (ECF 29 at 3); *see Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee."). In consideration of the fee's reasonableness, the Court notes that the Commissioner ultimately found Bass disabled and awarded her disability benefits. *See Gisbrecht*, 535 U.S. at 808.

The Court also observes that Counsel timely litigated the case and the subsequent fee motions, seeking one 60-day extension of time. (*See* ECF 15); *see also Gisbrecht*, 535 U.S. at 808 (considering any extensions requested by the attorney in an effort to assess whether the attorney created an unreasonable delay that would contribute to the attorney's profit from the accumulation of the claimant's past benefits).

Notably, Bass's attorney claims that in 2024 her law firm filed nearly 500 federal appellate briefs in social security disability matters, bolstering the argument that counsel has the appropriate ability and expertise. (*See* ECF 29 at 6)*; see also Arnold*, 106 F.4th at 601 (identifying "the ability and expertise of counsel" as a factor for courts to consider in a § 406(b) fee request (citations omitted)).

Further, the risk of loss the attorney assumes in representing the plaintiff is a factor some

5

courts consider when assessing the reasonableness of the requested fee. *See e.g., Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002) ("[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a de novo standard. The risk of loss is also greater in social security cases because there are no settlements."); *see also Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) ("The attorneys assumed significant risk in accepting [Social Security] cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases." (footnote omitted)). Indeed, it is "widely recognized . . . that recovery under contingency fee agreements serves to offset an attorney's losing cases, . . . [which] is especially significant in the context of Social Security cases where the risk of loss is high and cases potentially stretch out over long periods of time." *Janet H.*, 2020 WL 6946471, at *4 (collecting cases).

Counsel's requested fee of $16,763 divided by the 41.8 hours her firm spent on the case in federal court equates to an effective rate of about $401 per hour. (*See* ECF 29-2 at 12). This requested fee is well within the range of previous awards authorized by this Court. *See, e.g., Osmun v. Comm'r of Soc. Sec.,* No. 1:16-CV-00273-SLC, 2020 WL 7334271, at *3 (N.D. Ind. Dec. 14, 2020) (awarding a fee equating to $525 per hour); *Harris v. Colvin*, No. 1:11-CV-00405, 2014 WL 3899312, at *4 (N.D. Ind. Aug. 11, 2014) (awarding a fee equating to $647.61 per hour). This strengthens the Court's conclusion that the contingent-fee arrangement will not result in unreasonable fees, as there is no indication that "the benefits are large in comparison to the amount of time counsel spent on the case." *Arnold*, 106 F.4th at 600 (citation omitted).

Accordingly, the Court will grant Counsel's motion and authorize a § 406(b) fee award of $ 16,763 less an offset of $8,500 for EAJA fees previously awarded, resulting in a net fee award

to Counsel of $8,263. *See Gisbrecht*, 535 U.S. at 796; *see also O'Donnell v. Saul*, 983 F.3d 950, 957 (7th Cir. 2020) (stating that while not favored, "the netting method is permissible" with respect to payment of § 406(b) fees (internal quotation marks omitted)).

### D. Conclusion

For the foregoing reasons, Counsel's motion for authorization of attorney fees pursuant to § 406(b) (ECF 29) is GRANTED in the amount of $16,763 less an offset of $8,500 for EAJA fees previously awarded, resulting in a net fee award to Counsel of $8,263. The Commissioner shall pay Counsel $8,263 out of Bass's withheld past-due benefits in accordance with agency policy and release any remaining withheld benefits to Bass. Counsel is allowed to retain the $8,500 in EAJA fees previously awarded.

SO ORDERED.

Entered this 11th day of April 2025.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge